IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DARREN JAMES WEBSTER, Plaintiff, vs. NURSE KELLY and SGT. MODEN, Defendants. | CV 24-165-M-DWM ORDER |

Plaintiff Darren James Webster has moved for the appointment of counsel. (Doc. 22.) The motion is denied, subject to renewal. Webster's claims in this matter will also be severed, as described below.

I.  **MOTION FOR THE APPOINTMENT OF COUNSEL**

Webster has moved for the appointment of counsel. No one, including incarcerated prisoners proceeding in forma pauperis, has a constitutional right to be represented by appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). Unlike criminal cases, the statute that applies does not give a court the power to simply appoint an attorney. 28 U.S.C. § 1915 only allows the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). A judge cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit; a judge can

1

merely request a lawyer to do so. *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). Further, a judge may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

At this point, Webster has not made a showing of exceptional circumstances that would warrant the Court requesting counsel on his behalf. *Rand*, 113 F.3d at 1525. He has not demonstrated a likelihood of success on the merits, and he has articulated his claims effectively enough to this point. The motion will be denied, subject to renewal should circumstances change.

(Webster is advised that pursuant to L. R. 83.6(g), cases in which a party is proceeding without counsel and that have survived screening pursuant to 28 U.S.C. 1915(g) and 28 U.S.C. 1915A are referred to the court's Pro Bono Panel to determine if a panel attorney is interested in entering an appearance in the matter.)

## II.  SEVERANCE

On April 17, 2025, Defendant Nurse Kelly notified the Court that a stay had

2

been entered in the bankruptcy proceeding of Wellpath, LLC, that affects this action. (Doc. 21.) A copy of the stay order, entered by the Houston Division of the United States Bankruptcy Court of the Southern District of Texas, is attached to Defendant's filing. (Doc. 21-3.) Wellpath was the employer of Nurse Kelly at the time of the underlying events in Plaintiff Darren Webster's Second Amended Complaint. The stay, pursuant to Section 362 of the Bankruptcy Code, prevents the continuation of any action against Wellpath, and thus, Defendant Kelly. (Doc. 21 at 2 (citing 11 U.S.C. § 362(a)).) The claims Webster asserts against Sgt. Moden are factually and legally distinct from the claims he asserts against Nurse Kelly. Accordingly, rather than staying the whole case, the claims and defendants will be severed.

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000). In joining parties, courts consider prejudice to either side, judicial efficiency, and whether "permissive joinder would comport with the principles of fundamental fairness." *Coleman*, 232 F.3d at 1296–97 (internal quotations omitted).

In this instance, claims against Nurse Kelly must be stayed. There is no

reason to stay Webster's claim against Sgt. Moden. Delaying Webster's claims against Moden prejudices him, and going forward with them does not prejudice Moden. Thus, the most efficient method of proceeding is to sever the cases, and allow Webster's claim against Moden to proceed.

Accordingly, IT IS HEREBY ORDERED:

1. The Clerk of Court is directed to flag this action as "stayed" until such time as the Bankruptcy Court may order otherwise. The docket shall be modified to remove Sgt. Moden.

2. The Clerk shall open a new matter with the operative Amended Complaint in this matter. (Doc. 18.)

3. Within 21 days of the making of this Order, Webster shall file an Amended Complaint that focuses solely on his claims against Sgt. Moden. That Complaint will then be served on Sgt. Moden.

4. Webster's motion for the appointment of counsel is DENIED, subject to renewal. (Doc. 22.)

5. Webster's obligation to immediately advise the Court and opposing counsel of any change of address and its effective date remains ongoing.

DATED this 2nd day of May, 2025.

_____
Donald W. Molloy, District Judge
United States District Court

4