IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DARREN JAMES WEBSTER,<br><br>      Plaintiff,<br><br>  vs.<br><br>NURSE KELLY,<br><br>      Defendant. | CV 24-165-M-DWM<br><br><br>ORDER |

    This matter has been stayed, due to the bankruptcy proceedings of the employer of the sole defendant, Wellpath, LLC. Wellpath's bankruptcy reorganization plan has been confirmed, and Wellpath is no longer a Debtor under the Bankruptcy Code. The stay is lifted, and the case is dismissed.

    On June 6, 2025, judicial notice was taken that the automatic stay in the Bankruptcy Court applicable to Wellpath entities expired on May 9, 2025, and the stay applicable to non-debtor defendants expired on May 7, 2025. (Doc. 26.) On July 2, 2025, Wellpath filed a Notice. (Doc. 27.) Attached to the Notice were a copy of the 5/1/25 Confirmation Order and the 6/4/25 Stay Order entered by the Bankruptcy Court. (Docs. 27-1 & 27-2.) Wellpath advised that pursuant to Article IX.A of the Plan and Paragraph 3 of the Stay order, all claims and causes of action against debtors are discharged as a result of the plan becoming effective. (Doc. 27

1

at 3.)

Under Article IX.F of the Plan, holders of claims and causes of action that are discharged or released are permanently enjoined from: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; … and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan; provided, that, for the avoidance of doubt, this Article IX.F shall not apply to parties that timely opt out of the Third-Party Release to preserve their claims against the Released Parties.  (*Id*. at 4.)  Wellpath Defendants also noted, pursuant to the Stay Order, holders of claims or interests that affirmatively elected to opt out of the Plan's Third-Party Release may bring or continue to pursue claims against the Non-Debtor Defendants, including employees of the Debtors or employees of the Post Restructuring Debtors.  (Doc. 27 at 5) (*citing* Stay Order, ¶5; Plan, Article IX.F). Thus, the documents filed by Wellpath Defendants indicate that the nurse defendant named in this matter is employed by Debtor Wellpath, and the Plan deals with claims against the Debtor and Debtor's employees.

Paragraph 43 of the Confirmation Order provides that "Reorganized Wellpath shall provide notice to all known personal injury …claimants of the

extended 90-day period to opt out from the Third-Party Release in Article IXD and file a certificate of service with the Bankruptcy Court. (Doc. 33-1 at 53.) Judicial notice is taken of the docket for the Bankruptcy Court for the Southern District of Texas, Houston Division. *See Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011) (court may take judicial notice of proceedings in other courts, within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue). Webster did not timely opt out of the third-party releases contained in the Plan. Pursuant to the Plan, a claim against the Debtor and Debtor's employees is discharged unless the Plaintiff elected to opt-out of the third-party releases. *See e.g.*, (Doc. 33-1 ¶¶175 & 177) (defining "Related Party" and "Released Parties").

    Accordingly, Webster, as the holder of a general unsecured claim, must go through the Bankruptcy Court and the Plan, specifically the Liquidating Trust, to determine what amount of distribution, if any, he is entitled to. The Bankruptcy Court has exclusive jurisdiction over the Plan and all matters related to it. This matter asserted against a single Wellpath defendant will be dismissed.

    Accordingly, IT IS HEREBY ORDERED:

    1.    The stay in this matter is lifted and the case is DISMISSED. Webster must pursue claims against Nurse Kelly pursuant to the terms outlined in the Chapter 11 Plan and Trust Distribution Procedures in the Bankruptcy Court.

2. The Clerk of Court is directed to close this matter and enter judgment.

DATED this 27th day of August, 2025.

_____
Donald W. Molloy, District Judge
United States District Court